THE JOHN SPRY LUMBER COMPANY

*v.*

C. E. CHAPPELL *et al.*

*Opinion filed February 19, 1900—Rehearing denied April 5, 1900.*

184  539
s85a 223
184  539
93a  ³569
184  539
e106a³419

1. PARTNERSHIP—*what not a partnership debt.*  A note for money advanced by a father to his son to enable the latter to purchase an interest in a partnership, in accordance with the father's previous arrangement, is not a partnership debt, though the other members of the firm individually signed the note as sureties.

2. DEBTOR AND CREDITOR—*what will not affect priority of executions.* That one judgment creditor filed a bill successfully attacking a portion of the debt of a prior judgment creditor does not entitle his execution to priority over that of another creditor earlier in point of time, who, before the bill was filed, had attacked the judgment by motion based upon the same grounds as those alleged in the bill and which could properly be taken advantage of by motion.

3. CORPORATIONS—*when foreign corporation may sue without having an agent in Illinois.*  A foreign mercantile corporation may invoke the aid of our courts to collect debts arising from the sale and delivery of goods, though it has no general office in this State nor any agent upon whom process might be served.

*Royston & Co.* v. *John Spry Lumber Co.* 85 Ill. App. 223, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. H. M. TRIMBLE, Judge, presiding.

ELMER H. ADAMS, for appellant.

HOPSON & HOLLENBACK, and McDOUGALL & CHAP-MAN, for appellees Chappell and the Pritzlaff Hardware Company.

HOPKINS, THATCHER & DOLPH, and C. P. GARDNER, for appelle F. E. Royston & Co.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

On December 2, 1897, judgments were entered against the firm of Gregg Bros. & Chappell in favor of the following plaintiffs, for the amounts stated: The Elgin National Bank, $802.55; C. E. Chappell, $2583.98; A. E. Wheeler, $120; the John Pritzlaff Hardware Company, $492; the Mendota National Bank, $275.73; F. E. Royston & Co. $551. On December 3, 1897, Madden & Goedtner recovered judgment against said firm for $1658.20, and had execution issued and delivered to the sheriff. On December 6, 1897, the John Spry Lumber Company obtained two judgments against Gregg Bros. & Chappell in the circuit court of LaSalle county, one for $2000 and one for $640.81, and had executions issued thereon and placed in the hands of the sheriff. Prior to any of these judgments Gregg & Lamson were defendants in an action brought by Edward Morton in the circuit court of McHenry county, where a judgment was recovered against the defendants for $322.25, and an execution was issued on that judgment and placed in the hands of the sheriff, who levied upon the interest of J. W. Gregg in the firm property. On the first six judgments executions were issued and placed in the hands of the sheriff of LaSalle county on December 2, 1897, and the first of such executions was levied on the firm property.

The evidence shows that Arthur A. Chappell was a member of the firm of Gregg Bros. & Chappell, but came into the firm of Gregg Bros. some time after they had

established and were carrying on their business.   C. E. Chappell, who was desirous of establishing his son, Arthur A., in business, induced Gregg Bros. to allow Arthur A. to become a member, and as each of the Greggs had placed in the business the sum of $1000, Arthur A. was to place therein a like sum.   That sum of money was advanced by C. E. Chappell, who took the individual note of Arthur A. Chappell, with Daniel H. and Joseph W. Gregg, the other members of the firm, as sureties. This note, with interest thereon, made up a part of the judgment in favor of C. E. Chappell.   That note was of date November 5, 1896.

About the second day of December, 1897, F. E. Royston & Co. had as their attorney one C. P. Gardner, who examined the judgment in favor of Chappell and the notes upon which it was based, and he having learned of the circumstances under which the note of November 5, 1896, was executed, urged D. H. Gregg to have a motion entered to vacate the judgment as far as that note was concerned, which Gregg promised to do and instructed his attorney to that effect on the second of December, 1897.   The entry of this motion and its prosecution were urged by Gardner on frequent occasions.

The execution for $640.81 issued in favor of the John Spry Lumber Company was returned by the sheriff *nulla bona*, whereupon it filed a general creditor's bill against Gregg Bros. & Chappell and Madden & Goedtner, the object of which was to obtain a receiver, who should have control of the book accounts and bills receivable, some interest in which had previously passed to Madden & Goedtner.   A receiver was appointed and a part of the book accounts and bills receivable passed to his possession and were collected and distributed.   Their distribution is not in question here.   The receivership had nothing to do with the property levied upon by the sheriff.   On December 15, 1897, the appellant filed an amended bill attacking the judgments of Morton, C. E. Chappell and

Madden & Goedtner, and alleging that C. E. Chappell was a member of the firm of Gregg Bros. & Chappell. The prior judgment and execution creditors were made defendants. On December 16, 1897, the appellant obtained an injunction staying the sale under the Morton execution, and directing that after sale under the other execution the sheriff retain the proceeds until the rights of the parties were determined. The bill was again amended, to which answers were filed, and F. E. Royston & Co. filed a cross-bill. Subsequently the appellant asked leave to file an additional amendment, which set up that the John Pritzlaff Hardware Company was incorporated under the laws of the State of Wisconsin for pecuniary profit, and at the time of filing its declaration it did not have or maintain in this State a public office or place for the transaction of its business, where legal service might be obtained upon it, and where proper books should be kept to enable it to comply with the constitution and statutes of the State, and hence it had no standing in this State or right to file in the court the promissory note and declaration thereon. The application for leave to file this amendment was denied, to which the appellant excepted.

A hearing was had and a decree entered on March 8, 1899. The decree found that the judgment in favor of C. E. Chappell was by confession upon three judgment notes, one dated November 5, 1896, for $1000, with interest at the rate of six per cent; one dated January 15, 1897, for $500, with interest at seven per cent; and one dated March 10, 1897, for $1000, bearing six per cent interest,—the first and last each with attorneys' fees. The decree further provided that Chappell should be allowed the amount due on the second and third notes on December 2, 1897. The court found that the executions of A. E. Wheeler, the Mendota National Bank, F. E. Royston & Co. and Madden & Goedtner came to the hands of the sheriff after the judgment in favor of C. E. Chappell, and

held that the note of November 5, 1896, with interest thereon and attorneys' fees, should be excluded from the judgment in favor of Chappell, and after so decreeing then found that the complainant in the bill, the John Spry Lumber Company, is entitled to be paid the amount of its judgment in priority to the defendants whose executions intervened between that of the defendant C. E. Chappell and that of the complainant. It found that the executions of A. E. Wheeler and the John Pritzlaff Hardware Company, and a balance remaining unpaid of the execution of the Mendota National Bank, were entitled to be next paid, and that the appellant was entitled to the balance of the fund in the hands of the sheriff.

Royston & Co. and the John Spry Lumber Company each prayed appeals to the Appellate Court for the Second District, and C. E. Chappell assigned cross-errors. The error assigned by the lumber company was, that the Chappell execution was not wholly set aside, and that the court erred in refusing to allow its amendment with reference to the Pritzlaff Hardware Company. The error assigned by Royston & Co. was that the lumber company was given priority over its execution, which was a lien prior to the execution of the lumber company. C. E. Chappell assigned error because he was deprived of interest and attorneys' fees, and his execution was reduced and he was made to pay the costs.

In the Appellate Court the cross-errors of C. E. Chappell were held to have been well taken in part, it being there held that he should not have been deprived of interest upon his last two notes nor of the attorneys' fee of $10 provided for in the last note, and should not have been required to pay the proportion of costs that was awarded against him, but that he was entitled to have paid the judgment on the two last mentioned notes, with interest and attorneys' fees. The Appellate Court held that F. E. Royston & Co. did not lose the priority of its execution, because this was not a case where there was

a discovery of assets by the lumber company, but that Royston & Co. had sought, by motion, to have the same relief which was sought by the lumber company as to $1000 of the Chappell execution, and that it could properly be reached by motion. It also held that the amendment sought to be filed by the John Spry Lumber Company, attacking the Pritzlaff Hardware Company execution, did not bring that corporation within the terms of the statute nor show grounds for relief, and that it was not error to refuse leave to file the same; and it was further held that the court did not err in refusing to set aside the judgment of C. E. Chappell entirely. From that judgment of affirmance by the Appellate Court the John Spry Lumber Company prosecutes this appeal, and assigns error for the refusal of leave to file the amendment to the bill; in finding that the second and third notes of C. E. Chappell were given to evidence money loaned to the defendant; in not finding that the notes were the individual notes of the makers; in decreeing that any sum whatever should be decreed to C. E. Chappell; in finding that any sum whatever should be paid to the Pritzlaff Hardware Company, and in finding that F. E. Royston & Co. should be paid according to the priority of their execution. C. E. Chappell assigns as cross-error the reduction of his judgment.

There is no evidence in this record which shows that C. E. Chappell ever became or was a member of the firm of Gregg Bros. & Chappell. The evidence discloses the fact that he was desirous of having his son, A. A. Chappell, engaged in business, and he solicited Gregg Bros., who were conducting a business, to allow his son to become a member of that firm, which was assented to on condition that he should pay into the firm the sum of $1000. C. E. Chappell loaned A. A. Chappell $1000 and took his individual note therefor, which note was signed by the other two members of the firm. Whilst, under the evidence, there is some conflict as to the agreement that

was entered into between Gregg Bros. & Chappell and C. E. Chappell with reference to the payment of that note, yet under the evidence it does not appear that it was a partnership debt in any sense of the term. The debt was the debt of A. A. Chappell, who procured the money to purchase the one-third interest in the firm, and that was well known to and was requested by C. E. Chappell, and the fact that Gregg Bros. individually signed the note would not constitute it a firm debt. It was not error in the Appellate Court to affirm the decree of the circuit court excluding the amount of that note, with interest and attorneys' fees, from the amount of the judgment that was to be paid from the proceeds of the sale of the firm property.

Gardner was the attorney of F. E. Royston & Co., and he, learning of the facts with reference to the Chappell note of date November 5, 1896, sought to have the same excluded from the judgment by motion entered by Gregg Bros., and they promised to enter such motion. This was accomplished by Gregg on the second of December, some time before the filing of this bill. All the facts that are averred in the bill with reference to that note were sought to be taken advantage of by Gregg before the filing of the bill and could have been properly reached by motion. By the filing of the bill the John Spry Lumber Company did not discover assets, nor place itself in the position where it could equitably be given an advantage over the execution of Royston & Co. The finding of the Appellate Court that the judgments were to be paid in the order the executions came to the hands of the sheriff, regardless of the fact of filing the bill by complainant and the decree thereunder, was not error.

The John Pritzlaff Hardware Company, a corporation organized in the State of Wisconsin, had sold goods to the firm of Gregg Bros. & Chappell, in consequence of which they became indebted to it, and the amount of its judgment resulted from such sale and delivery of the

goods. It had the right to invoke the aid of the courts in the collection of the debt due it, without appointing an agent in this State upon whom service could be had and without having its general office in this State, and it was not error in the Appellate Court to find that it was entitled to be paid according to the priority of its execution. Nor was it error of the circuit court to refuse leave to file the amendment to the bill sought to be made by the complainant, in which it set up and alleged that the hardware company had no general office in this State or person upon whom service could be had.

The modification of the decree of the circuit court by the Appellate Court with reference to the costs to be paid by C. E. Chappell was not error.

We find no error in the judgment of the Appellate Court, and its judgment is affirmed.

*Judgment affirmed.*