## Central Manufacturing Co. v. Walter M. Briggs.

1. FOREIGN CORPORATIONS—*When They Can Not Maintain an Action in the Courts of this State.*—A foreign corporation which has not complied with the requirements of the statute which would entitle it to transact business in this state can not maintain " any suit or action, either legal or equitable, in any of the courts of this state upon any demand, whether arising out of contract or tort."

Assumpsit.—Appeal from the Circuit Court of Coles County; the Hon. FRANK K. DUNN, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

CHARLES C. LEE and S. R. HAMILL, attorneys for appellant.

A. C. ANDERSON, attorney for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of assumpsit brought in the Circuit Court of Coles County, October 3, 1901, by the appellant, Central Manufacturing Company, against the appellee, Walter M. Briggs, to recover $1,200, alleged to be due it from him for work performed and material furnished in the construction of his house at Charleston, Illinois, under two certain written contracts made between them.

The declaration, as amended, consists of two special counts and the common counts. The first stated that the appellant is a " corporation authorized to do business in this state by virtue of a certificate of incorporation duly issued on the 2d day of October, 1901, by the secretary of the said State of Illinois," and averred that, on October 3, 1899, the appellee made a written contract with the appellant for the latter to do the work and furnish the material for the interior wood work of the dwelling house of the former, situated in the city of Charleston, Illinois, for which he promised to pay it $2,190; that the appellant did the work and furnished the material as provided for in the contract, but the defendant refused to pay him $1,000 of the contract price. And the second avers that

the appellant also did the work and furnished the material for painting the interior wood work of said house under another written contract made between it and the appellee, at Charleston, Illinois, on May 22, 1900, and that he refuses to pay therefor $200 of the contract price.

The appellee pleaded two special pleas in bar of the action. The first alleges, in substance, that the appellant is a foreign corporation, organized in some other state, territory or country than the State of Illinois, to wit, in the State of Indiana; that it is a corporation organized for pecuniary profit, and is not a railroad or telegraph company, nor in the business of insurance, banking or loaning money; that the work and materials for which this suit was brought were furnished in the State of Illinois since October 1, 1899; that the appellant did not at any time before the commencement of this suit comply with the provisions of the act of 1897 as amended in 1899, governing foreign corporations doing business in this state, setting out its failure to do each of the things in that act prescribed, and averred that it "has no certificate of authority, and none was ever issued to it to do business in the State of Illinois, as provided by the statutes of said state; wherefore, by force of the statute in such case made and provided, the appellant can not maintain its aforesaid action."

The defendant demurred to both pleas, which was overruled, and, it electing to stand by its demurrer, judgment was entered in bar of the action, and it prosecutes this appeal. It is argued for error that the court improperly overruled the demurrer, and that the judgment is contrary to the law applicable to the facts set forth in the declaration and the pleas.

By the declaration, as amended, it appears that the appellant claimed the right to do the business in this state with the appellee that gave rise to the claim sued upon in this action, by reason of its being "a corporation legally authorized to do business in this state by virtue of a certificate of incorporation, duly issued on the 2d day of October, 1901, by the secretary of said State of Illinois,"

which is met by the averment in the first plea, that the appellant is a foreign corporation, organized for pecuniary profit in a state other than Illinois, and that it had never at any time before the suit was brought complied with any of the requirements enumerated in the act of 1897, as amended in 1899, which would entitle it to transact the business in this state, out of which the claim sued on in this case arose; and the plea further specifically avers that the appellant has no certificate to do business in this state as provided by said act, and invokes the provision of the act prohibiting foreign corporations from maintaining "any suit or action, either legal or equitable, in any of the courts of this state, upon any demand, whether arising out of contract or tort."

The demurrer admitted the truth of those averments of the plea, and it therefore follows that the appellant, being confessedly a foreign corporation, organized for pecuniary profit outside of this state, could not, by the express provision of said act, maintain this action upon a demand against the appellee which arose confessedly out of business done with him in this state under a contract which was made and performed in this state after the act was in force, when it had never complied with the provisions of the act up to the time this suit was commenced. J. Walter Thompson Co. v. Whitehead, 185 Ill. 455. The holding in the John Spry Lumber Co. v. Chappell et al., 184 Ill. 539, does not conflict with the conclusion reached in the case at bar, for in that case the court properly held that the John Pritzlaff Hardware Company, a corporation organized in the State of Wisconsin, could invoke the aid of the courts in this state in the collection of the debt due it from Gregg Bros. & Chappell, "merchants at the village of Triumph in La Salle county, Illinois," (F. E. Royston & Co. v. John Spry Lumber Co., 85 Ill. App. 223) for goods which it had sold and delivered to them in the State of Wisconsin, although the lumber company had not complied with the requirements of the act of 1897, for the reason that the goods had been sold and delivered in Wisconsin, which did

not constitute the doing of business by the hardware company in the State of Illinois; while in the case at bar the appellant, a foreign corporation, confessedly made and performed the contract sued upon in the State of Illinois.

The first plea having answered the entire declaration, the court properly gave judgment against it in bar of the action, for the confession of a good defense to the whole declaration warranted the judgment.

We will not refer to other matters discussed in the respective briefs of counsel, for the reason that what we have said shows that the Circuit Court properly overruled the demurrer to the first plea and properly rendered the judgment appealed from, and it is affirmed.