## Kytenn Oil and Gas Company, Appellee, v. H. B. Parks and Sara E. Parks, Appellants.

1. NEGOTIABLE INSTRUMENTS—*when failure of consideration not shown.* Failure of the corporation to issue or deliver to the maker of the note sued on certain shares of stock for which defendants allege the note to have been given does not constitute failure of consideration for the note, where the evidence clearly shows that the note was voluntarily given to pay an assessment made by the corporation for the purposes of the business development of the company in another State, even though the maker is shown to have been entitled to certain stock in consideration of paying the assessment, where it is not shown that the stock was to be delivered before payment of the assessment.

2. FOREIGN CORPORATIONS—*enforcing note as doing business within the State.* A foreign business corporation which conducts all of its business operations outside the State is not barred from bringing suit in Illinois courts to enforce a promissory note given to it by stockholders in payment of an assessment made for purposes of business development outside the State, by its failure to comply with the statutory requirements relative to foreign corporations doing business within the State.

3. CORPORATIONS—*when transaction is not within Illinois Securities Law.* A transaction between a foreign corporation and an Illinois stockholder whereby the corporation made an assessment which the resident stockholder paid by a promissory note, and under the terms of which assessment he was entitled to receive

certain shares of stock, is not a sale of corporate securities within the meaning of the Illinois Securities Law, Cahill's Ill. St. ch. 32, ¶ 254 et seq.

Appeal by defendants from the Circuit Court of Shelby county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the April term, 1922. Affirmed. Opinion filed October 25, 1922.

W. W. HARTSELL, for appellants.

A. J. STEIDLEY, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

In this case the Kytenn Oil and Gas Company, a corporation organized under and by virtue of the laws of the State of Delaware, on October 27, 1921, obtained a judgment in the circuit court of Shelby county against the appellants, H. B. Parks and Sara E. Parks, for the sum of $230.23, and costs of suit, the judgment being by confession on a judgment note made by the appellants. Afterwards, on motion of the appellants, the judgment was opened up by order of court and leave given to plead in defense. The appellants thereupon pleaded the general issue and three special pleas. There was a plea that the appellee is a foreign corporation and had no certificate from the Secretary of State, as provided by the Securities Law of Illinois [Cahill's Ill. St. ch. 32, ¶ 254 et seq.], to authorize it to enter into any contract to sell or offer to sell its securities in this State, and a plea of total failure of the consideration; also that the appellee had never secured a license to transact its business in this State as a foreign corporation. The case was tried by the court without the intervention of a jury and the court found the issues against the appellants and rendered judgment in favor of the appellee. From this judgment an appeal is prosecuted.

It is contended by the appellants for the reversal of

the judgment, that the appellee never issued or delivered the 200 shares of stock for which the note in question is alleged to have been given, and that, thereby, there was a failure of consideration. It is sufficient to say, in reference to this point, that the evidence clearly shows that the note was voluntarily given to pay a ten per cent assessment made by the corporation to be paid by its stockholders (of which the appellant H. B. Parks was one), for the purposes of the business development of the corporation which was to be carried on in the State of Kentucky. It is true that under the corporate action taken by the appellee, in reference to the assessment, the appellant H. B. Parks, as a stockholder, was entitled to 200 shares of stock in consideration of paying the assessment, but there is nothing in the evidence to show that the stock was to be delivered before payment of the assessment had been made. The failure to deliver the stock cannot therefore be regarded as a failure of the consideration of the note. It is also contended that inasmuch as the evidence shows that the appellee is a foreign corporation, and that because it had not complied with the statutory requirements relative to foreign corporations, prerequisite to doing business in this State, it had no legal right to maintain this suit. The business referred to in the statute [Cahill's Ill. St. ch. 32, ¶ 80], which foreign corporations cannot transact without complying with the act, means the business which the corporation is organized to transact, the business which the corporation is to engage in. *Alpena Portland Cement Co. v. Jenkins & Reynolds Co.*, 244 Ill. 354; *People v. Chicago, I. & L. Ry. Co.*, 223 Ill. 588. The proof shows that the business which appellee was organized as a corporation to engage in was being developed in the State of Kentucky and not carried on in this State. The financial obligations and business transactions within the corporation and with its stockholders do

not come within the purview of the statute referred to. A foreign corporation has a right to invoke the aid of the courts to maintain its legal rights and enforce the obligations of its stockholders. *Havens & Geddes Co. v. Diamond,* 93 Ill. App. 557; *John Spry Lumber Co. v. Chappell,* 184 Ill. 539. The point is also made that the appellee never complied with the Illinois Securities Law, and therefore it could not sell or offer for sale its securities in this State. This is undoubtedly true, but concerning this contention it must be pointed out that the transaction in question was not a sale by the corporation of stocks, bonds or securities, and that the note was not given in connection with any sale but given by a stockholder in recompense for an assessment, and did not therefore come within the terms and provisions of the Illinois Securities Act [Cahill's Ill. St. ch. 32, ¶ 254 *et seq.*]. The record does not disclose any error and the judgment is therefore affirmed.

*Judgment affirmed.*