C. W. ELSON, Appellant, v. J. D. CLAYTON, Sheriff, et al.,
Appellees.

**FRAUDULENT CONVEYANCES:** Remedies—Creditor's Bill—Priority to Diligent Creditor. A creditor who obtains title to land by virtue of his judgment and a creditor's bill under which an existing mortgage was decreed to be fraudulent will not, on the theory of *superior diligence*, be given priority over a known prior attaching creditor who levied on the land regardless of the said mortgage, and because he deemed the mortgage fraudulent, and who, prior to the decree under the creditor's bill, obtained the same result obtained under the creditor's bill, by securing from the fraudulent mortgagee, not only a verbal promise to release the mortgage, but an actual release of said mortgage. (See Book of Anno., Vol. 1, Sec. 12095, Anno. 12 *et seq*.)

Headnote 1: 27 C. J. p. 861.

*Appeal from Wayne District Court.*—A. R. MAXWELL, Judge.

NOVEMBER 17, 1925.

SUIT to establish priority of plaintiff's title to two forties under creditors' bill, execution, and sheriff's deed. There was a decree for defendants, and the plaintiff appeals.—*Affirmed.*

*H. B. Bracewell,* for appellant.

*Poston & Murrow.* and *C. W. Steele,* for appellees.

MORLING, J.—The plaintiff, a subsequent judgment holder, claims priority over the defendant bank's preceding attachment, by reason of his having obtained decree in a creditors' bill vacating for fraud a $5,000 mortgage given by the debtor to his wife upon the attached property before the attachment. The sole ground of the claim of priority is the equitable rule rewarding with a preference the diligent creditor who first commences proceedings to vacate the fraudulent conveyance.

Plaintiff and defendant bank were creditors of Rockhold. Rockhold owned the two forties. Rockhold gave to his wife a mortgage upon the forties for $5,000. The defendant bank then attached the forties. The plaintiff was informed of the attachment, and thereupon endeavored to effect a settlement between himself, the defendant bank, and the Rockholds, whereby the attached property would be turned over for the benefit of the plaintiff and the bank. In these negotiations it was asserted by the bank that the mortgage would not hold as against it, and by the plaintiff that the mortgage would not hold as against him. The plaintiff was unsuccessful in his efforts to effect this settlement. Plaintiff then brought an action to recover a judgment for the amount of Rockhold's debt to him. Judgment in favor of the bank against Rockhold for the amount of its claim was rendered, and the attached property was ordered sold. On the same day, personal judgment was entered in favor of plaintiff against Rockhold for the amount of plaintiff's claim. Before these judgments were entered, Rockhold and wife had agreed verbally with the bank that the wife would release the mortgage; but there was a delay in drawing the release and presenting it for execution. The plaintiff claims that he did not know that such an agreement had been made until a couple of months after he filed his creditors' bill. The plaintiff filed his creditors' bill two days after the two judgments were rendered. The defend-

ant bank, after the commencement of this creditors' bill, secured and recorded a release of the mortgage. After that, plaintiff got decree by default, setting aside the mortgage.

I. The plaintiff claims that the mortgage in question was valid as between the original parties to it; that it was only voidable as to creditors; and that the defendant's attachment reached only the debtor's interest, subject to the mortgage.

The attachment defendant was the owner of the property. While an attachment is more properly a sequestration than the effecting of a technical lien upon the property, nevertheless for practical purposes a lien is effected, and on judgment relates back to the date of levy. *Schoonover v. Osborne Bros.*, 111 Iowa 140. The regularity of the levy is not questioned. That the lien attached to the interest of the Rockholds without deduction on account of the mortgage is established. The plaintiff was not only chargeable with implied notice of the attachment, but he had actual knowledge of it before he commenced any suit. He knew that the defendant claimed that the mortgage was voidable, and that the bank was not recognizing it as a valid claim upon the property. The procedure by attachment was proper. *Kingman Plow Co. v. Knowlton*, 143 Iowa 25, 42; *Jordan v. Crickett*, 123 Iowa 576; *Clark v. Patton*, 92 Iowa 247; *Citizens' State Bank v. Council Bluffs Fuel Co.*, 89 Iowa 618; *Browning v. De Ford*, 178 U. S. 196; *Westervelt v. Hagge*, 61 Neb. 647 (85 N. W. 852).

II. The plaintiff is not within the reason of the rule which gives the diligent creditor priority. The defendant, not the plaintiff, acted first. The law will not put a premium upon litigation by requiring a creditor to commence a suit to vacate an admittedly fraudulent conveyance, when the same result has been or is in process of being accomplished by negotiation. The wife of the debtor having agreed to release her mortgage, the defendant was justified in relying on the agreement. The plaintiff did not save the property or bring it within the control of the court. The vacating of the mortgage was effected by the attachment and through the agreement which the defendant was justified in relying on, and it was fully carried out before plaintiff obtained his decree of cancellation. The plaintiff uncovered nothing. The delay in getting the release signed did not injure

the plaintiff. The effort of the plaintiff seems to have been to appropriate to himself the advantage which the prior proceedings of the defendant had secured. There is no equity in the plaintiff's suit. *Westervelt v. Hagge*, supra; *Bridgman & Co. v. McKissick*, 15 Iowa 260, 262; *Spry Lbr. Co. v. Chappell*, 184 Ill. 539 (56 N. E. 794, 796); *Nebraska Nat. Bank v. Hallowell*, 63 Neb. 309 (88 N. W. 556, 560). See *Keith v. Losier*, 88 Iowa 649.

The judgment is—*Affirmed.*

Faville, C. J., and Evans and Albert, JJ., concur.