87   605
s186s356

# William McCoy v. The World's Columbian Exposition.

1. PRACTICE—*Adding the Similiter.*—It is not error to proceed to trial without a similiter.

2. CORPORATIONS—*Can Not Become Stockholders.*—In this State a corporation can not become a stockholder in another corporation unless power to do so is specifically granted in its charter or necessarily implied from it.

3. SAME—*As Stockholder—Who Can Raise the Question— Ultra Vires.*—A corporation when sued on its subscriptions to the capital stock of another corporation may itself raise the defense of *ultra vires* provided it is not estopped from so doing, but it can not be done by another person when sued upon his own subscription.

4. SAME—*Prima Facie Evidence that the Stock is Fully Subscribed.*— The articles of incorporation certified by the Secretary of State afford *prima facie* evidence that the company's stock was fully subscribed.

5. INTEREST—*On Unpaid Subscriptions to Stock.*—Interest at legal rates is properly allowed on an unpaid subscription, in writing, to the capital stock of a corporation after it becomes due.

Assumpsit, to recover a subscription to the capital stock of a corporation. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1899. Affirmed. Opinion filed February 27, 1900.

JOSEPH WRIGHT, attorney for appellant.

MATZ, FISHER & BOYDEN, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an action in assumpsit to recover a subscription to the capital stock of the appellee corporation. That appellant signed a subscription list agreeing to take one thousand shares at $10 each, and that at the same time $200—being two per cent of the amount subscribed—was paid in, is not controverted. Three calls, each for twenty per cent of the subscription, were subsequently made, which appellant failed or refused to pay. It is now sought to recover $5,800, being the sixty per cent thus called for, less the $200 originally paid.

It is stated that appellant's subscription was obtained

upon representations that the fair would be located on the lake front, where he would have been directly benefited, and that his refusal to pay was because it was not so located. But no reliance is now placed upon this as ground for defense.

At the conclusion of the evidence the Circuit Court, upon motion of appellee's counsel, directed a verdict against appellant for the amount claimed, with interest.

When the case was called for trial no replications to appellant's special pleas were on file. His counsel objected to going to trial and moved for judgment on his said pleas. Counsel for appellee stated, however, that the replications would immediately be filed, and this was done before the jury were sworn to try the issues, leave being given by the court to file the same *nunc pro tunc* as of the time the case was called. It appears, therefore, that appellee was not compelled to proceed to trial without the issues being formed. Replications were actually filed, and it is not error to proceed to trial without a similiter. Gillespie v. Smith, 29 Ill. 473. It does not appear that appellee was in any way injured by the order complained of.

Appellant's principal points of contention are, first, that he is not liable on his subscription because, as it is claimed, the entire capital stock of the appellee had not been fully subscribed prior to making the said calls; second, that certain of the subscriptions to such stock were made by corporations and were *ultra vires* and void, and that therefore to the extent of such subscriptions the capital stock remained unsubscribed; and third, that appellee was in no event entitled to recover interest.

It is urged that appellee has no corporate existence until its entire capital stock was fully subscribed, and that this was never legally done; that until this was done no call or assessment could be made upon the stockholders. The evidence tends to show, however, that the said stock purports to have been fully subscribed upon the books of subscription opened pursuant to a license regularly issued by the Secretary of State, and that a certificate of incorporation

was duly issued. The statutory formalities appear to have been fully complied with. The point of objection, however, is that certain of these alleged subscriptions to the capital stock were made by corporations having no legal power or authority so to do; that these were invalid, not binding·upon the parties who made them; and that therefore as to so much of the capital stock, it was never subscribed. Hence, it is said the corporation was. never regularly and legally incorporated.

If it be conceded, which, however. appellee does not concede, that the evidence satisfactorily tends to prove that some of the stock in question was subscribed by corporations whose power so to do was open to question, there is no evidence tending to show that such subscriptions were repudiated, that they have not been fully paid, or that appellant has been in any respect injured. It is no doubt the law in this State, that a corporation. can not become a stockholder in another corporation, unless power so to do is specifically granted in its charter, or necessarily implied from it. People v. Chicago Gas Trust Co., 130 Ill. 268. It is quite possible—assuming what the evidence fails to establish, that certain of the stock was subscribed for by corporations whose charters did not authorize them to acquire such stock—that such a corporation might itself raise the defense of *ultra vires,* if sued upon its subscription, provided it was not estopped from so doing. But that issue is not presented here, and it is no defense to a subscriber sued on his own contract, that there is a possibility that some other subscriber may have a valid defense to an attempt to enforce payment of a similar subscription. It can not be said as a matter of law in this collateral proceeding, that a subscription to the capital stock of appellee by another corporation, if made, was necessarily *ultra vires* and void. Such power may have existed by the latter's charter specifically, or by necessary implication. The cases cited by appellant's counsel as holding corporation subscriptions unauthorized and void, are for the most part those in which the question of power was directly at issue.

This is not the case here. Appellant had power to make his own subscription, and it is that he is seeking to avoid. In Vinegar Co. v. Faehrenbach, 148 N. Y. 58, it is said :

"The argument that it appears that the capital stock was subscribed for in part by corporations, and that such subscriptions were invalid under the law, is of no avail. That is a question for the people to raise through their proper officers and in appropriate proceedings. The defendants can not raise it."

The articles of incorporation certified by the Secretary of State afford *prima facie* evidence that the appellee's stock was fully subscribed. Jewell v. Rock River Paper Co., 101 Ill. 57. This is not overcome by anything in the record to which our attention has been called.

The trial court allowed interest on the amount of the unpaid subscription. In Munger v. Jacobson, 99 Ill. 349, it was held that interest is not recoverable in an action against a stockholder to enforce a statutory liability to creditors of the corporation for double the amount of his stock. That case is supposed by appellant's counsel to be decisive against the judgment here, so far as it includes interest. We do not, however, regard it as applicable. The statute provides for allowance of interest "for all moneys after they become due," on an "instrument of writing." The subscription in writing in the case before us, signed by appellant, provides that the terms of payment shall be "two per cent down, balance as called for by the corporation." The subscription is, in effect, a promise in writing to pay for the stock subscribed, upon those terms. The money became due when called for, and the allowance of interest was not error. Rikhoff v. Brown's Rotary S. S. K. Co., 68 Ind. 388; Gould v. Town of Oneonta, 71 N. Y. 298; Cook on Stock & Stockholders, Sec. 112.

Other propositions are presented by counsel, which we have carefully considered; but we do not deem it necessary to extend this opinion in order to discuss them at length.

The judgment of the Circuit Court must be affirmed.