## Yost Electric Manufacturing Company, Appellee, v. Cavanaugh-Darley Company, Appellant.

### Gen. No. 14,467.

CORPORATIONS—*what not doing business in this state. Held,* that a corporation of another state which did not maintain an office in this state and which sold only upon written orders sent to its place of business in such other state, was not doing business in this state within the meaning of the statute regulating foreign corporations.

Assumpsit. Appeal from the Circuit Court of Cook county; the Hon. GEORGE A. CARPENTER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed. Opinion filed March 9, 1909.

BENJAMIN F. J. ODELL, for appellant.

EDWARD A. BIGGS, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Appellee instituted this action in the Circuit Court against appellant to recover the sum of $445, together with interest and protest fees, on two promissory notes, each dated March 24, 1906, and due respectively in two and three months after the date thereof, and the further sum of $142.77, due on an open account from appellant to appellee, contracted between a date

a little prior to March 24, 1906, and April 19, 1906. Appellant pleaded the general issue, and a special plea averring that the plaintiff is a foreign corporation organized for profit and is not a railroad or telegraph company, nor in the insurance, banking or money loaning business; that the merchandise for which the suit is brought was sold to the defendant and bought by it within the State of Illinois since January 1, 1905; that the notes upon which suit is brought were also executed and delivered, if at all, since January 1, 1905, in the State of Illinois, and when plaintiff was not authorized to transact business in the State of Illinois; that plaintiff had not at the commencement of this suit, as by statute provided, filed with the secretary of state its articles of incorporation, statement of capital stock represented in Illinois, nor designated an officer upon whom service could be had; nor had the secretary of state of Illinois at commencement of suit issued any certificate or license authorizing plaintiff to do business within the state of Illinois as by statute provided; nor had any such certificate or license at any time been issued to plaintiff.

The plaintiff, appellee, filed a *similiter* to the first plea, and a replication to the special plea averring that it was not and is not doing business in the state of Illinois, and that the goods, wares and merchandise sold by the plaintiff to the defendant were sold within the state of Ohio and not within the state of Illinois.

The cause was submitted to the court without a jury for trial; and the court found the issues for the plaintiff and assessed the plaintiff's damages in the sum of $567.02 and entered judgment on the finding.

The issue formed on the special plea of appellant was one of fact, namely, that appellee was not doing business in this state, and that the goods, wares and merchandise sold by appellee to appellant were not sold within this state.

The evidence in the record upon this issue was to the effect that the purchases of goods by appellant

from appellee were made by written orders mailed to appellee at Toledo, Ohio, and that appellee there accepted the orders and shipped the merchandise as directed by appellant either to it in Illinois or to customers of appellant in other states. Under such circumstances the transactions were not had in the state of Illinois. Appellee did not have or maintain any office in the state of Illinois. In our opinion the cases relied on in argument by appellant (United Lead Company v. Reedy Elevator Mfg. Co., 222 Ill. 199, and Cincinnati M. H. A. Co. v. Rosenthal, 55 *id.* 85) are not in point on the question presented by the facts in this record.

As to the notes sued on it appears that they represent forty-five per centum of a claim due from the Empire Electric Supply Company to appellee at the time that company became financially involved, and the appellant purchased all its assets for a sum sufficient to pay the creditors of the Empire Company forty-five cents on the dollar of their claims. Appellant, in consideration of the assets so purchased, assumed and agreed to pay the creditors of the Empire Company that amount of their claims, and paid the other creditors in cash. But to appellee, the largest creditor, it gave the notes sued on, instead of cash. We do not think that transaction is prohibited by the statute.

The evidence, in our opinion, sustains the finding and judgment of the Circuit Court, and the judgment is affirmed.

*Affirmed.*