Lehigh Portland Cement Company, Appellee, v. J. G. McLean et al., Appellants.

1.  STATUTORY LAW—*rules of construction.*  In construing an act of the legislature the courts will take into consideration the purpose of the legislature in enacting it and the limitations, if any, upon the power of the legislature with respect to the subject-matter, as well as the language employed in its structure.

2.  STATUTORY LAW—*how acts regulating foreign corporations construed.*  Statutes regulating foreign corporations doing business in Illinois must be so construed and enforced as not to interfere with interstate commerce.

3.  JUDICIAL NOTICE—*of what taken.*  The court will take judicial notice that prior to the act of 1897 hundreds of corporations were

organized under the laws of foreign states with the intention of carrying on their business in this state, and that many others transferred their business locations, in whole or in part, into this state, or located branches of their business here, thus depriving the state of its fees for incorporating and of its power to exercise over such corporation the surveillance which our laws require to be exercised over domestic corporations.

4. INTERSTATE COMMERCE—*defined.* The sale and delivery of goods or manufactured commodities by a citizen or corporation of one state, in the usual course of business by the usual instrumentalities and means, is interstate commerce.

5. CORPORATIONS—*what not transacting business in this state.* Where a foreign corporation has no business establishment or established place of business of any kind in this state and carries on no local business of any kind in this state and where it does no more than to sell and deliver its merchandise through the usual instrumentalities of drummer and common carrier, it is not "transacting business or exercising its corporate powers or franchise" in this state within the meaning of the statute regulating foreign corporations doing business in this state.

Assumpsit. Appeal from the County Court of Richland county; the Hon. JOHN A. MACNEIL, Judge, presiding. Heard in this court at the February term, 1909. Affirmed. Opinion filed June 15, 1909.

H. G. MORRIS, for appellants.

JOHN LYNCH and T. A. FRITCHEY, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action of *assumpsit,* in the County Court of Richland county, by appellee against appellants, to recover for goods, chattels and effects sold and delivered. The declaration consists of the common counts, in the usual and customary form.

To this declaration appellants filed one special plea, in substance as follows: That appellee is a corporation for pecuniary profit, organized under the laws of the State of Pennsylvania, and having a place of business at Cleveland, Ohio; that at the time the cause of action accrued, and suit was brought thereon, appellee was engaged in the manufacture of cement in the

State of Pennsylvania and selling the same in Illinois and elsewhere to merchants, through numerous agents and salesmen; that the merchandise for the price of which this suit is brought was sold to appellants at Olney, in the county of Richland and state of Illinois, by appellee in the ordinary course of business, by an agent or salesman of appellee, and it was agreed that the same was to be delivered by appellee to appellants at Olney, within a reasonable time, to be paid for at Olney, within ninety days; that in pursuance of such sale appellee delivered the merchandise so sold to a common carrier at the city of Cleveland in the state of Ohio, to be transported to the city of Olney in the state of Illinois and there delivered to appellants, and that the same was so delivered; that appellants were then engaged in the business of selling lumber, cement and other building materials in the city of Olney in the state of Illinois; and it is averred, in substance and effect, that at the time of said transactions and of the bringing of this suit, appellee was a foreign corporation and was not licensed to do business in the state of Illinois as provided in and by its statutes and was not authorized under the laws of this state to transact business in this state, nor to bring or maintain any suit or action in any court of this state.

Appellee interposed a general demurrer to the above noted plea.

The sole question to be determined in this case is, whether the facts set up in the plea constitute "transacting business" or "exercising corporate powers" by appellee in this state, within the meaning of our Foreign Corporation Act of May 18, 1905. "Stripped of all unnecessary verbiage and superfluities, the plea as filed shows that the goods which appellee claims appellants are indebted to it for, were sold and delivered by appellee to appellants" in the usual and ordinary manner that manufacturers, importers, wholesale dealers and jobbers in one state sell their merchandise and products to retail merchants and dealers of other

states through the instrumentality of traveling salesmen or "drummers," as such agents are usually called, and that appellee was a corporation and had not complied with any of the requirements of the Foreign Corporations Act. This brings us back again to the question, is this mode of carrying on "commerce among the several states" in violation of that Act?

The Act of May 18, 1905, is a revision act and expressly repeals the Act of 1897 and the Act of 1899. In construing this Act we must take into consideration the purpose of the legislature in enacting it and the limitations, if any, upon the power of the legislature with respect to the subject-matter, as well as the language employed in its structure.

It is a matter of which the court may take judicial notice, that prior to the Act of 1897 hundreds of corporations were organized under the laws of foreign states with the intention of carrying on their business in this state, and that many others transferred their business locations, in whole or in part, into this state, or located branches of their business here, thus depriving the state of its fees for incorporating and of its power to exercise over such corporations the surveillance which our laws require to be exercised over domestic corporations. We think it was these conditions and other conditions incident thereto that moved the legislature to enact a series of statutes upon the subject of "Foreign Corporations," which has culminated in the revised Act of 1905.

So far as we are advised the Act of 1905 has not been construed by the Supreme Court. Our previous Acts covered many features of the present act, and a large number of states have statutes in their main features substantially like ours. The courts are generally agreed upon the holding that these statutes must be so construed and enforced as not to interfere with interstate commerce, and as we understand the law, the sale and delivery of goods or manfactured

commodities of the character in question, by a citizen or corporation of another state, in the usual course of business by the usual instrumentalities and means, is interstate commerce. Black-Clawson Company v. Carlyle Paper Company, 133 Ill. App. 61; Havens & Geddes Co. v. Diamond, 93 Ill. App. 557; Spry Lumber Co. v. Chappell, 184 Ill. 539; Cooper Manufacturing Co. v. Ferguson, 113 U. S. 727 (739); Robbins v. Taxing Dist., 120 U. S. 489 (492); Brennan v. Titusville, 153 U. S. 289; Caldwell v. North Carolina, 187 U. S. 622.

The scope and language of the Act appears to us to be in harmony with the foregoing with respect to both the purpose of the Act and the limitations suggested. The Act provides that "when any corporation organized under the laws of any foreign state or country, for the transaction of business for profit, desires admission into the state of Illinois, for the purpose of transacting business or exercising its corporate powers of franchise," it shall state in its application "what business it proposes to pursue under its charter, the amount of its capital stock, whether it is transacting or it is intended that it shall transact business in any other state or country, the proportion of its business intended to be carried on in the state of Illinois," "what property and assets and an estimate of the value thereof, will be employed in the business of said corporation in the state of Illinois," and "where its principal office in Illinois will be located." That no corporation shall "be authorized to transact any business in this state for the transaction of which a corporation cannot be organized under the laws of this state." "That every foreign corporation admitted to do business" in this state, "shall constantly keep on file in the office of the Secretary of State, an affidavit, showing the location of its principal business office in the state of Illinois." "When admitted to do business in the state of Illinois under this Act," it "shall be required to make such reports from time to time

as are required to be made by similar corporations organized under the laws of this state and all regulations now in force or hereafter imposed upon domestic corporations, shall be alike observed and complied with" by it; and it "shall be required to pay into the office of the Secretary of State, upon the proportion of its stock represented by its property and business in Illinois, fees equal to those required of similar corporations formed within and under the laws of this state."

When the language and scope of this Act are considered in connection with the purposes of the Act, and the limitations imposed upon the legislative power with respect to the subject-matter, by the *third* clause of section 8, article 1, of the Federal Constitution and the legislation of Congress thereunder, it appears clear to us that the Act in question does not apply where the foreign corporation has no business establishment, or established place of business of any kind in this state and carries on no local business of any kind in the state, and where it does no more than to sell and deliver its merchandise through the usual instrumentalities of drummer and common carrier. We are of opinion that the facts pleaded by appellant do not show that appellee was "transacting business or exercising its corporate powers or franchise," within the meaning of the statute. In coming to this conclusion we construe the plea as a whole and construe it most strongly against the pleader, as the rule requires us to do where a pleading is challenged by demurrer.

We have not overlooked the cases cited by counsel for appellant. The most of these cases the writer of this opinion discussed in this connection, in the case of Black-Clawson Co. v. Carlyle Paper Co., 133 Ill. App. 61. The distinction there made applies to the whole class. None of them hold that the mere selling and delivering of merchandise in this state, through the instrumentalities of "drummer" and common carrier, in the ordinary course of business, by a foreign

corporation engaged in such business, is within the meaning of the statute.

Counsel relies specially and principally upon a quite recent decision of the Supreme Court, the case of United Lead Co. v. The J. W. Reedy Elevator Manufacturing Co., 222 Ill. 199. We think counsel quite misapprehended the scope of this case and its bearing upon the controlling question in the case at bar. The controlling question in the case cited was, whether the right of such foreign corporation to bring its action is barred by the statute or is merely abated, leaving to it the right to maintain the action if it shall hereafter comply with the statute, and is the only question decided in that case. The controlling question in the case at bar is whether it appears from the plea, when most strongly construed against the pleader, that appellee was transacting business in the state of Illinois within the meaning of the statute upon which appellant's plea is based. This question was in no manner raised, involved or decided in the case of the United Lead Co. v. The J. W. Reedy Elevator Co., *supra*. The writer of this opinion has examined the original record and the briefs of counsel in that case and finds that the record discloses a state of facts not appearing in the opinion of the court for the reason that the issues raised did not require their disclosure.

In that case counsel say in their brief: "It will be seen from the affidavit of Graham Reedy that the court is not embarrassed by the question of foreign corporations engaged in the business of interstate commerce; the plaintiff in this case, a foreign corporation, was doing business in the state of Illinois, under a different name than its corporate name. It was doing business under the name of E. W. Blatchford & Co. * * *. We have here a desperate attempt on the part of the plaintiff to evade the laws of this state and conceal its identity."

The affidavit of Graham Reedy, referred to, was

made and filed in support of defendant's motion to dismiss the suit on the ground that the plaintiff was a foreign corporation transacting business in the state of Illinois without having complied with the statute, and it states that the plaintiff in that case was a corporation organized under the laws of the state of New Jersey and that for a number of years it had maintained an established place of business in the city of Chicago, which it conducted in the name of E. W. Blatchford & Co., that E. W. Blatchford & Co. were agents for the plaintiff and "that the goods in question were purchased, sold and delivered all within the state of Illinois, and not by traveling salesmen or drummers," and that all the transactions were had with the plaintiff's agents, E. W. Blatchford & Co., and all the goods were consigned to said agents and were delivered to the defendant by and through the said agents and agency.

We are of opinion that when appellant's plea is properly construed, both with respect to what it does and what it does not contain, it discloses no more than that the goods in question in the case at bar were sold to the appellant by appellee in the ordinary course of interstate commerce through the instrumentalities of traveling salesmen or "drummers" and common carriers, and this we hold is not "transacting business" in this state, within the meaning of the statute upon which appellant's plea is based.

We think the court did not err in sustaining appellee's demurrer to appellant's plea, and we find no reversible error in the record before us. The judgment of the Circuit Court is affirmed.

*Affirmed.*