## Hagen Paper Company, Defendant in Error, v. East St. Louis Publishing Company, Plaintiff in Error.

1. PLEADING, § 384*—*necessity of similiter.* Not error to proceed to trial without a *similiter* filed to the plea of general issue.

2. CORPORATIONS, § 763*—*when replication demurrable.* A replication to a special plea setting up that plaintiff, a foreign corporation, had not complied with the laws in this State in order to do business therein, *held* demurrable.

3. APPEAL AND ERROR, § 1681*—*when erroneous ruling on demurrer waived.* Error of court in overruling a demurrer to a defective replication cannot be availed of on review where the party demurring did not abide by the demurrer but proceeded to trial.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. APPEAL AND ERROR, § 1303*—*when judgment presumed sustained by the evidence.* Where the record states that evidence was introduced but fails to show what it was, it will be presumed that it was sufficient to sustain the judgment.

5. CORPORATIONS, § 710*—*when foreign corporation not doing business in this State.* Where a foreign corporation has no established place of business of any kind in this State and carries on no local business, but merely sells its merchandise through soliciting agents or drummers and delivers the same through common carriers in the ordinary course of business, such corporation is not transacting business in this State within the meaning of the statute requiring such corporations to comply with certain formalities before transacting business in this State.

Error to the City Court of East St. Louis; the Hon. ROBERT H. FLANNIGAN, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed July 28, 1914. Rehearing denied October 28, 1914.

JAY F. VICKERS, for plaintiff in error.

W. L. COLEY, for defendant in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was an action in assumpsit brought by the Hagen Paper Company, defendant in error, against the East St. Louis Publishing Company, plaintiff in error, to recover $543.26 alleged to be due defendant in error on eight promissory notes, executed by plaintiff in error.

The declaration alleged that the Hagen Paper Company was a Missouri corporation; that on December 6, 1911, plaintiff in error made and delivered to it eight promissory notes, seven of which were for the sum of $66.30 each and one for the sum of $65.69; that they became due at various days mentioned in the declaration after the twenty-eighth of February, 1912; that all were payable at the office of the Hagen Paper Company, with interest at the rate of six per cent. per

annum.   The declaration also contained the usual common counts.

To this declaration plaintiff in error filed two pleas, one being the general issue and the other a special plea, alleging that defendant in error was a foreign corporation organized for profit and existing under the laws of the State of Missouri; that it was not a railroad or telegraph company, nor in the banking, insurance or money loaning business and was not engaged in interstate commerce; that the merchandise for which the suit was brought was sold to plaintiff in error and bought by it within the State of Illinois; that defendant in error had not complied with the laws of the State of Illinois authorizing it to do business in this State, and at the time of the commencement of this suit had no certificate of authority issued to it by the Secretary of State, entitling it to transact business as provided by statute.

To the special plea defendant in error filed the following replication: "And plaintiff as to the special plea of *nul tiel corporation* by the defendant pleaded, says *precludi non,* because it says that the declaration in this cause by plaintiff filed, shows first —that plaintiff is a Missouri corporation, and second —that the action is based upon the eight notes executed by the defendant and made payable to the order of the plaintiff at its office, and plaintiff says that its office is in the City of St. Louis and State of Missouri and not within the State of Illinois, and that it appears from the face of the declaration by the plaintiff pleaded that the contract is a contract made by defendant with plaintiff in the State of Missouri, and therefore the plaintiff should not be precluded from maintaining its action in the matter as aforesaid, and of this it puts itself upon the country."

A general demurrer was filed by plaintiff in error to this replication, which was overruled by the court. The record shows that there was an amended special

plea filed, by plaintiff in error, after the above replication was filed, which set up in a different form substantially the same defense as that relied on in the original special plea. As it appears from the record that the demurrer to said replication was overruled sometime after the amended special plea was filed, we take it for granted that the replication, which applied in like manner to the amended as to the original special plea, was treated by the court as having been filed to the amended plea. After demurrer to said replication was overruled, the case proceeded to trial before a jury, evidence was heard and a verdict rendered in favor of defendant in error for $543.26. A motion for a new trial by plaintiff in error was overruled and judgment entered for the amount of the verdict.

Some question is raised as to whether a *similiter* was filed to the general issue filed by plaintiff in error, and we fail to find the same in the record. The record does contain the statement, however, that: "On the 22nd day of November, 1912, comes the parties and the issues being joined, the court orders a jury." The *similiter* to the general issue must have been treated by the court and the parties as having been filed, and the trial was evidently had upon that theory. But regardless of the showing of the record, it was not error to proceed to trial without a *similiter*. *Gillespie v. Smith,* 29 Ill. 473; *McCoy v. World's Columbian Exposition,* 87 Ill. App. 605; *Supreme Court of Honor v. Barker,* 96 Ill. App. 490.

The amended special plea of the plaintiff in error alleged, as a defense to this action, that the merchandise for which the suit was brought was sold to plaintiff in error and bought by it within the State of Illinois, and that defendant in error was therefore transacting business in this State without complying with the laws of this State authorizing it as a foreign corporation to do so, and that therefore the court was without jurisdiction to entertain its suit to collect said debt.

The replication admitted that defendant in error was a Missouri corporation and did not deny that it had not taken the necessary steps required by statute to permit it to transact business in this State, but stated as the basis of defendant in error's right to maintain its action in this State that it had its office in the City of St. Louis in the State of Missouri, and that it appeared from the face of the declaration that the contract between the parties was made in the State of Missouri.

Plaintiff in error insists that in overruling the demurrer to this replication the court committed a material error, for which the judgment should be reversed. The replication in question evidently sought to take advantage of a state of facts which, if true, would have constituted a good and sufficient reply to said plea of plaintiff in error, but in technical construction it failed to meet the statements of the plea in such a way as to constitute a good reply and the demurrer to it might properly have been sustained. The record shows, however that plaintiff in error did not abide by its demurrer, but that it proceeded to trial and that counsel for plaintiff in error took part in the trial. Plaintiff in error also failed to assign as error the action of the court below in overruling its demurrer to said replication. Under these circumstances, plaintiff in error cannot be permitted to take advantage of the action of the court below in overruling said demurrer as a ground for the reversal of the judgment herein, even if such ground could be considered sufficient to warrant a reversal thereof.

The record in this case states that evidence was introduced on the part of defendant in error, but fails to show what that evidence was, the same being wholly admitted. It must therefore be presumed that the evidence was sufficient to sustain the judgment in favor of defendant in error. We may say, however, that the abstract contains what purports to be the evidence introduced by defendant in error upon the trial and,

from it, it appears that defendant in error obtained its orders for goods in Illinois by sending out soliciting agents from its house in St. Louis, Missouri, and that the order for the goods for which the notes in question were given was telephoned by plaintiff in error to one of these agents of defendant in error and the goods were shipped by the latter from its said place of business in St. Louis. It has been repeatedly held in this State that where a foreign corporation has no established place of business of any kind in this State, and carries on no local business but merely sells its merchandise through the instrumentality of soliciting agents or "drummers" and delivers the same through common carriers in the ordinary course of business, such corporation is not transacting business in this State within the meaning of the statute, requiring foreign corporations desiring admission into the State of Illinois, for the purpose of transacting business or exercising their corporate powers of franchises, to make application to the Secretary of State and comply with certain formalities and conditions prescribed by the law. *Yost Elec. Mfg. Co. v. Cavanaugh-Darley Co.,* 147 Ill. App. 418; *Lehigh Portland Cement Co. v. McLean,* 149 id. 360; affirmed in 245 Ill. 326; *John Spry Lumber Co. v. Chappell,* 184 Ill. 539.

The judgment of the court below in this cause will be affirmed.

*Affirmed.*