McKenna Steel Working Company, Appellee, v. Harris Brothers Company, Appellant.

### Gen. No. 7,090.

1. FOREIGN CORPORATIONS—*right to sue in Illinois.* A Wisconsin manufacturing corporation conducting business in Kansas which does not conduct or carry on any business in Illinois or maintain an office or place of business therein, and which sells to another foreign corporation machinery located in Kansas and to be delivered in the latter State, is entitled to sue the buyer corporation in Illinois for breach of the contract of sale, where the sale and purchase in question was the only transaction ever had between the parties, even though the selling corporation was not authorized to transact business in Illinois, the transaction being a single one in interstate commerce.

2. PLEADING—*plea of set-off as waiver of want of jurisdiction.* A corporation which has contracted to buy machinery and made an initial payment on the purchase price recognizes the right of the selling corporation to maintain an action for damages for breach of the contract in the Illinois courts by pleading a set-off in such action to recover such initial payment.

3. ELECTION AND WAIVER—*change in allegation of damages as disaffirmance of contract of sale.* The seller of machinery who has sued in assumpsit for the purchase price, declaring on the common counts only and thereafter one additional count for damages for breach of the sale, is not thereafter barred thereby on resale of the machinery, from dismissing such counts and on

364 APPELLATE COURTS OF ILLINOIS.

McKenna Steel Working Co. v. Harris Bros. Co., 228 Ill. App. 363.

allegations of the sale to defendants, their breach of the contract, and the resale of the machinery, suing for recovery of the difference between the contract price and the sale price, especially where defendant filed the general issue, a general traverse, a plea of set-off for the recovery of the initial payment made by it on the contract and went to trial on the merits.

4. PLEADING—*waiver of defense by admission in plea.* In an action by the seller of machinery for damages from the breach of the contract by the buyer, the buyer is not entitled to have the evidence excluded and a verdict directed in its favor on the ground that plaintiff was not the owner of the machinery at the time of the sale, where it has recognized plaintiff's ownership by a plea of set-off, and there is substantial evidence of plaintiff's ownership.

Appeal by defendant from the Circuit Court of Will county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the April term, 1922. Affirmed. Opinion filed March 16, 1923. *Certiorari* denied by Supreme Court (making opinion final).

I. S. BLUMENTHAL and ROBERT E. HALEY, for appellants; P. C. HALEY, of counsel.

SNAPP, HEISE & SNAPP, for appellee.

MR. JUSTICE JETT delivered the opinion of the court.

This is a suit in assumpsit by McKenna Steel Working Company, appellee, against Harris Brothers Company, appellant, in which the appellee obtained a judgment in the circuit court of Will county for $12,536.

The case was originally instituted against Harris Brothers Company and Chicago House Wrecking Company, but subsequently the Chicago House Wrecking Company was dismissed out of the suit by appellee. Appellee is a Wisconsin corporation, Harris Brothers Company is a Delaware corporation and Chicago House Wrecking Company was an Illinois corporation.

The appellee corporation is owned and managed very largely by the same officers who own the American McKenna Process Company, a Wisconsin corpo-

ration having mills in Joliet, Illinois, and in the State of New Jersey. E. J. Tapping, general manager and treasurer of both of the McKenna companies, had a conversation with Frank Harris, of the appellant company, which was formerly the Chicago House Wrecking Company, and is engaged in purchasing manufacturing plants, machinery, merchandise, abandoned railroads and other heavy equipment. It does an extensive business and has its principal place of business in the City of Chicago.

The appellee company claimed to be the owner of a large locomotive crane, which it had but little use for during the World War. The McKenna companies were largely engaged in the rolling of railroad rails, which is a process by which old rails are repaired and made suitable for use. The war affected the business of the McKenna companies quite seriously, and it appears that this was the cause for the offer of sale made by Tapping to the appellant company. The negotiations for the sale of this crane were conducted partly orally and partly in writing. The correspondence is quite voluminous, too much so to set out in an opinion, but from an examination of it, together with the oral testimony, we are of the opinion that the appellant purchased the said locomotive crane from appellee for the sum of $25,000.

At the time of the sale by appellee and the purchase by appellant of the said crane, it was leased to the Rock Island Railroad Company and in use in the State of Kansas. It appears that the lease was terminable on short notice. It was terminated by appellee, and it was a part of the agreement between the appellee and appellant that the crane should be taken to the yards of appellee in Kansas City, where it should be inspected by appellant. The crane was so delivered and was inspected by appellant. Before any report was made by appellant upon the condition revealed by this inspection, rumors were abroad in the land that an armistice might soon be declared.

A report was made of such inspection to the effect that the crane was not in such condition as had been represented by appellee and that therefore appellant would decline to complete the purchase. The record discloses in fact that other inspections were made at the same time by the navy department and a favorable report of the condition of the crane was made. There is other evidence in the record which in our judgment tends to show a good condition of the crane at the time it was delivered into the yards of appellee in Kansas City. We have reached the conclusion that appellant's report was not made in the best of faith, and that the jury were justified in finding that the crane was in the condition represented by appellee.

Because of appellant's refusal to complete the transaction and purchase, the crane was left in the possession of the appellee for quite a length of time. Appellee, becoming convinced that it was for the best interests of both appellee and appellant that the crane be sold, made a sale thereof for $12,500; $500 of this sum was paid for brokerage commissions reducing the net price to $12,000, but inasmuch as appellant had paid $500 down at the time the purchase was made, the total paid by appellee was $12,500.

On December 11, 1918, appellee filed its declaration which consisted only of the common counts, and with the declaration appellee filed a bill of particulars.

Appellant, Harris Brothers Company, filed its petition and bond in the circuit court of Will county for a removal of the cause to the District Court of the United States, Northern District of Illinois, Eastern Division thereof, on the ground that the controversy was a separable one and that joining the Chicago House Wrecking Company (a resident corporation) with appellant, Harris Brothers Company was not sufficient to bar appellant company to have the cause removed to the federal court on the ground that Harris Brothers Company was not a resident of the State of Illinois.

The federal court held that as appellee and appellant were foreign corporations the cause was not removable, and the case was remanded to the circuit court of Will county. On April 7, 1920, appellee filed an additional count alleging that on October 18, 1918, appellant bought from appellee a locomotive crane for $25,000 which appellee refused to accept to the damage of appellee of $30,000.

To the additional count filed April 7, 1920, several pleas were filed by the Harris Brothers Company and the Chicago House Wrecking Company, in addition to the general issue. They filed a plea denying the jurisdiction of the court on account of the insufficient service of process and also denying that they jointly promised as alleged in appellee's original declaration and in the additional count. The plea to the jurisdiction of the court was withdrawn by the Chicago House Wrecking Company and it filed the general issue. On January 20, 1922, the said Chicago House Wrecking Company was by appellee dismissed out of the suit. On said last date, January 20, 1922, appellee filed three additional counts, alleging the contract of sale, refusal of appellant to accept, resale of locomotive crane by appellee and laying the *ad damnum* at $30,000.

January 24, 1922, appellant filed the general issue to the amended counts of January 20, 1922, also a special traverse which in effect amounted to the general issue, and a plea of set-off for $500. The common counts and the count filed April 7, 1920, were dismissed by appellee on the 24th of January, 1922. Trial was had by jury on the counts filed by appellee January 20, 1922, the general issue, special traverse and set-off filed by appellant January 24, 1922, resulting in a verdict for appellee for $12,500. On February 24, 1922, motion of appellant for a new trial was denied and judgment was rendered upon the verdict of the jury for the amount of the verdict together with

368     APPELLATE COURTS OF ILLINOIS.

McKenna Steel Working Co. v. Harris Bros. Co., 228 Ill. App. 363.

interest thereon amounting to $12,536, and from which said judgment appellant prosecutes this appeal.

It is insisted by appellant that appellee cannot maintain its suit in the courts in the State of Illinois because of its being a foreign corporation, and had not complied with the statute of the State, and was not therefore authorized to do business in Illinois. It appears from the evidence that appellee is a Wisconsin corporation and that appellant is a Delaware corporation, as heretofore stated; that the locomotive crane, when the contract was entered into for the sale of the same, was in the State of Kansas, and was to be delivered to the appellant at Kansas City, Kansas; that appellee was conducting its business in Kansas and appellant was conducting its business in Illinois; that appellee did not conduct or carry on any business in Illinois and never had an office nor place of business in Illinois; that the sale and purchase of the crane in question was a single transaction and the only business ever transacted between appellee and appellant.

In view of the facts as we understand them and as above indicated, what is the rule arising upon the record herein in relation to foreign corporations doing business in this State?

A foreign corporation engaged in manufacture in a foreign state selling its products in this State without any office or place of business is engaged in interstate commerce, and may sue in the courts of Illinois without complying with the statute relating to foreign corporations. *Hagen Paper Co. v. East St. Louis Pub. Co.,* 190 Ill. App. 581; *Lehigh Portland Cement Co. v. McLean,* 245 Ill. 326; *American Art Works v. Chicago Picture Frame Works,* 264 Ill. 610; *Alpena Portland Cement Co. v. Jenkins & Reynolds Co.,* 244 Ill. 354.

It has been repeatedly held in this State that where a foreign corporation has no established place of business of any kind in the State, and carried on no local

business but merely sells its merchandise, through the instrumentality of soliciting agents or drummers, and delivers the same through common carriers in the ordinary course of business, such corporations are not transacting business in this State within the meaning of the statute. *Hagen Paper Co. v. East St. Louis Pub. Co.,* 190 Ill. App. 581; *Lehigh Portland Cement Co. v. McLean,* 149 Ill. App. 360; *Lehigh Portland Cement Co. v. McLean,* 245 Ill. 326.

We are of the opinion that the sale and purchase was a single transaction in interstate commerce, and that appellee had the right to sue for the contract price in Illinois without complying with the statute governing foreign corporations doing business in this State.

It will be observed that appellant by its act of pleading a set-off, to recover the $500 payment made when the contract was entered into, recognized the right of appellee to maintain this proceeding.

It is next urged by appellant that the verdict and judgment are erroneous because they are predicated upon a right of action not accrued, when nor until after suit was brought. Appellant's contention being that appellee, elected on filing the common counts and the first additional count, to affirm the contract and sue for the purchase price, could not afterwards elect to disaffirm it, sell the property and recover the difference. In order to determine whether or not the position of appellant in this respect is tenable, it will be necessary to briefly refer to the state of the record in relation to the pleadings. In the first instance suit was brought in assumpsit and the common counts filed. Subsequently additional counts were filed, setting up the contract and alleging the breach thereof and claiming damages for the contract price. After the crane had been sold by appellee, the common counts and the additional counts then on file were dismissed, and other additional counts were filed declaring on the same contract and alleging and claiming

the damages to be the difference between the selling price and the contract price.

Appellant pleaded the general issue, a special traverse and set-off. In view of this record as made by the pleadings we are not prepared to say that there was a disaffirmance of the contract. The declaration to which appellant filed its pleas, declared on the contract on which suit was originally brought. The change in the declaration from what it was up to the time of the filing of the additional counts on which issue was joined was as to the damages claimed, the cause of action on the contract remaining in effect the same.

If appellant desired to raise the question of the right of appellee to prosecute its suit on the counts of the declaration filed after the sale of the crane, it should have been done by appropriate pleading and in apt time. On this branch of the case we conclude, therefore, that there was no change in the form of the action. It was a suit in assumpsit throughout and on the same contract. All appellee did was to dismiss all counts laying the damages at the contract price and filing other counts alleging the damages to be the difference between the contract price and the selling price. It was not a question as to the character of the remedy but one of damages, and appellant agreed to the change by filing the general issue, a general traverse, a plea of set-off and going to trial on the merits of the case.

It is also insisted by appellant that appellee did not have any contractual relations with it relative to the sale of the crane in question; that if the crane was sold at all and liability incurred by appellant it was with the American McKenna Process Company, and not McKenna Steel Working Company, and that the court erred in not sustaining appellant's motion to exclude all of the evidence and instruct the jury to find in favor of appellant.

What we have already said in this opinion concerning the position in which appellant placed itself by pleading as it did, we are of the opinion it applies with equal force to this contention urged by appellant. It is a fact and not controverted that at the time of the negotiations between appellee and appellant the crane in question was then being used by the Rock Island Railroad Company in the State of Kansas. Before this controversy arose, namely, on the 27th of May, 1918, the McKenna Steel Working Company, appellee, leased the crane to said railroad company. This lease was in writing, as is disclosed by the record in this case. Appellee evidently owned the crane at that time. It was appellee that gave the ten days' notice to the railroad company to redeliver to it the crane at Kansas City. There are other facts and circumstances in evidence that tend to establish the fact that the crane in question was the property of appellee. In its plea of set-off, appellant said: "And for a further plea in this behalf, the defendant (meaning the appellant) says that the plaintiff (meaning the appellee) ought not to have the aforesaid action against it (the appellant), because it said that the appellee was before and at the time of the commencement of this suit, and still is indebted to the appellant in the sum of $500 for money in that sum before that time paid by the appellant to the appellee, as earnest money on the sale of a certain twenty-five ton self-propelling Bay City locomotive crane, to the defendant."

In this condition of the record bearing upon the question of ownership by appellee of the crane in controversy, we are of the opinion that the court did not err in refusing the motion of appellant to exclude the evidence and instruct the jury to find in favor of the appellant. Appellant concedes that there was a conflict in the testimony. We are of the same opinion, and viewing this record as we do, we think the trial court very properly submitted the question of fact to

the jury. It was for the jury to say wherein the truth laid.

We have examined all of the reasons assigned by appellant for a reversal of this cause. We find no error in the giving or refusal of instructions. The instructions given by the court fully informed the jury of the law of the case. After having made a careful examination of the record, we are of the opinion the jury were justified in finding as they did. This finding has met with the approval of the trial judge. It is our opinion that substantial justice has been done and the judgment of the court below is affirmed.

*Judgment affirmed.*